UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JONATHAN WILLIAM NEIRA MARQUEZ,

                        Plaintiff,

              -against-

NASSAU COUNTY POLICE DEPARTMENT,
P.O. LOUIS MONTELEONE, Shield # 4722;
P.O. MONTAVONE, Shield # 9786; SGT. IGER,

                        Defendants.
----------------------------------------------------------------X

JONATHAN WILLIAM NEIRA MARQUEZ,

                        Plaintiff,

              -against-

MARSHA LAMOND, SAMSON CHADLANY,
ALATASHE WILLIAMS, YANIQUE FOSTER,
SHURLA TOLES, YANI, CVS PHARMACY
STORE,

                        Defendants.
----------------------------------------------------------------X

<u>For Online Publication Only</u>

**<u>ORDER</u>**
22-CV-07994 (JMA) (LGD)

**FILED**
**CLERK**

1:51 pm, Jun 06, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**<u>ORDER</u>**
23-CV-00083 (JMA) (LGD)

**AZRACK, United States District Judge:**

       Before the Court are applications to proceed <u>in forma pauperis</u> ("IFP") filed in the above-

caption cases by <u>pro se</u> plaintiff Jonathan William Neira Marquez ("Plaintiff"), while he was

incarcerated at the Nassau County Correctional Center.  (<u>See</u> IFP Applications, ECF No. 6, in

each case.)   For the reasons that follow, Plaintiff's applications to proceed <u>in forma pauperis</u> are

denied without prejudice.

       To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient

which states that one cannot because of his poverty pay or give security for the costs [inherent in

litigation] and still be able to provide himself and dependents with the necessities of life."   <u>Adkins</u>

v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed in forma pauperis is to ensure that indigent persons have equal access to the judicial system.   Davis v. NYC Dept. of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hosp. Corp., No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)).   The determination of whether an applicant qualifies for IFP status is within the discretion of the district court.   Pinede v. New York City Dept. of Envtl. Prot., No. 12-CV-6344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases).   The Court may dismiss a case brought by a litigant requesting to proceed in forma pauperis if the "allegation of poverty is untrue."   28 U.S.C. § 1915(e)(2)(A).

Plaintiff's applications reflect that he has a total of $20,000 in his savings and/or checking accounts.   (See IFP Applications at ¶ 4.)    At the time the applications were filed, Plaintiff was incarcerated at the Nassau County Correctional Center.   (See id. at ¶ 1.)   Plaintiff previously reported that a result of his incarceration, he was unable to access those funds.   (See Neira v. Office of the District Attorney, et al., 21-CV-06747, ECF No. 24.)   Given that Plaintiff is no longer incarcerated, (see Notice of Change of Address, ECF No. 10), his IFP applications demonstrate that he can afford to pay the Court's filing fees from the $20,000 balance in his accounts.   Accordingly, Plaintiff's IFP applications are denied without prejudice and with leave to renew, as set forth below.

**On or before July 7, 2023, Plaintiff shall either:   (a) remit the $402 filing fee for each case; or (b) apprise the Court in writing that he is unable to remit the filing fees and state the reason(s) why he cannot access the funds reported in his previous IFP applications. Should Plaintiff choose the second option, he shall also file an updated IFP application**

**reflecting his current living situation and finances, including his income, expenses, and assets.**

Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of these complaints without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).   Plaintiff is further warned that, once paid, there are no refunds of the filing fee no matter the outcome of the case.   Accordingly, Plaintiff is well-advised to consider the merits of his claims.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address of record and to record such service on the docket.

**SO ORDERED**.

Dated:      June 6, 2023                          ____/s/ JMA_____
            Central Islip, New York        JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE